UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>  Plaintiff,<br><br>  v.<br><br>SHOP & SAVE, INC., d/b/a RIO LINDA LIQUOR; JATINDER SINGH,<br><br>  Defendants. | No. 2:21–cv–1966–MCE–CKD (PS)<br><br>ORDER<br><br>(ECF Nos. 4, 5) |

On October 22, 2021, plaintiff (through counsel) filed this action under the Americans with Disabilities Act, and a summons and case initiating documents were issued. (ECF Nos. 1-2.) The complaint names two defendants: Shop & Save, Inc., and Jatinder Singh. (ECF No. 1 at 1-2.) On November 22, 2021, defendant Singh filed a one-page handwritten motion acknowledging ownership of Shop & Save and requesting an extension of time to "figure this out." (ECF No. 4.) The District Judge assigned to the case then referred the motion and "all other pretrial scheduling and proceedings" to the undersigned pursuant to Local Rule 302(c)(21), which governs cases in this court in which one or more parties are representing themselves without an attorney. (ECF No. 5.) On November 30, 2021, plaintiff filed returns of service reflecting that both defendants were served with the summons and complaint on November 5, 2021. (ECF Nos. 6, 7.)

     Although defendant Singh's motion does not specify what deadline defendant seeks to have extended, the filing of these proofs of service and the very early stage of the case indicates that defendant is requesting an extension of time to respond to the complaint.  Under the Federal Rules of Civil Procedure, defendants' answers to the complaint were due by November 26, 2021—that is, 21 days after service of the complaint.  See Fed. R. Civ. P. 12(a)(1)(A)(i).  In the present motion filed several days before that deadline, defendant Singh proposes an extension of 30 to 45 days to accommodate the high business volume experienced during the holiday season (ECF No. 4), and the undersigned finds this request reasonable.[1]  Defendant Singh therefore shall have until **Monday, January 10, 2022**, to respond to the complaint.

     This extension applies only to defendant Singh, <u>not</u> to co-defendant Shop & Save, which has yet to appear in this litigation and has not requested a similar extension of time.  Defendant Shop & Save, a corporation, is a separate legal entity and can only appear in court through a licensed attorney.  See Local Rule 183(a) (stating in relevant part that "a corporation or other entity may appear [in court] only by an attorney"); Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993) (a "corporation may appear in federal court only through licensed counsel"); D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that corporations must appear in court through an attorney." (cleaned up)).  An unrepresented corporation is thus subject to the entry of default and default judgment.  See Emp. Painters' Trust v. Ethan Enters., Inc., 480 F.3d 993, 998 (9th Cir. 2007).  Defendant Singh, as Shop & Save's owner, is cautioned that an attorney will need to be retained for Shop & Save to defend itself in court if this case continues.

     Finally, the court recognizes defendant Singh's request for court-assisted settlement of this case.  The court will gladly coordinate a settlement conference with a magistrate judge of this court once all defendants have entered an appearance.  In the meantime, the parties are free to

---

[1] Defendant's motion constitutes an *ex parte* request, meaning it was made without notice to, or consent of, the opposing party.  Normally, such *ex parte* applications for extension of time are not granted, unless the applicant explains why they were unable to obtain the other party's agreement to the proposed extension.  See Local Rule 144(a), (c).  In light of defendant Singh's self-represented status and the interest in allowing the case to be resolved on its merits, however, the court finds it appropriate to grant the requested extension as presented.

continue to negotiate in good faith to settle the matter out of court.

      Accordingly, it is HEREBY ORDERED that:

1. Defendant Jatinder Singh's motion for an extension of time (ECF No. 4) is GRANTED.  Defendant Singh shall respond to the complaint no later than **January 10, 2022**;

2. The Clerk of Court is instructed to issue the undersigned's Civil New Case Documents for this case (although summonses need not be reissued); and

3. Plaintiff shall serve a copy of those new case documents on defendants.

Dated:  December 1, 2021

                                      CAROLYN K. DELANEY
                                      UNITED STATES MAGISTRATE JUDGE

19.gilb.1966